Rusttn, Judge.
 

 The state of this case is shortly this: the trustees in the deed made by
 
 Bell
 
 and
 
 Joyner
 
 for the benefit of the plaintiff made a sale, at which
 
 Barnes
 
 purchased. He declined paying, upon the ground, that the plaintiff knew of the previous unregistered deeds of trust, in which
 
 Bell
 
 and
 
 Joyner
 
 had provided an indemnity for
 
 Barnes
 
 against the suretyships in which he was involved for them. The bill admits this equity of
 
 Barnes ;
 
 for altho’ he had not then paid the debts, yet he was liable for them, and the principals were insolvent. But the bill sets up an equity of the same nature, and founded on precisely a similar state of facts, against
 
 Barnes
 
 himself. The bill alleges, and the answer also admits, that at that time
 
 Barnes
 
 was also insolvent, and the plaintiff was surety for him. Upon the direct authority of
 
 Williams
 
 v.
 
 Helme, (ante
 
 1
 
 vol.
 
 151,) founded on the clearest principles, the plaintiff had, then ■ the right of getting any funds he could of
 
 Barnes,
 
 and retaining them for his indemnity
 
 ;
 
 and he may thus retain against an assignee inequity for value, and without notice. A surety in such a situation is a creditor ; and the subsequent assignee only succeeds to his assignor’s rights, and subject to the equity of the surety, which is prior. If indeed the contest was between the original creditors of
 
 Bell
 
 and
 
 Joyner,
 
 to whom
 
 Barnep
 
 Avas liable
 
 *33
 
 as surety, that might make a difference. Had they not been paid, by Barnes, they might have asked for the fund createdfor their satisfaction, both against the plaintiff and
 
 Barnes.
 
 But they are satisfied, and out of the way. The question is, whether
 
 Barnes,
 
 who vras bound to pay to
 
 Cotton,
 
 the trustee, for the effects purchased at the sale, and who did not, under an agreement that the title should remain unchanged, and subject to all the demands of the plaintiff, can claim that property or the price of it for himself — not for the creditors of
 
 Bell
 
 and
 
 Joyner
 
 — as against a man who was then his surety for his debts to a larger amount, and afterwards was obliged to pay them. The equity of the plaintiff against
 
 Barnes
 
 is palpable, and must be felt by every body upon the stating of it. An assignment of the property to the defendants confers on them no better claim. They did not get the legal title thereby; for it is proved by the deposition of
 
 Cotton,
 
 read by consent, that the title was reserved in him by express agreement between him,
 
 James S. Battle
 
 and
 
 Barnes,
 
 founded on the very claim now set up by the plaintiff.
 

 The present defendants admit they disposed of the effects at
 
 Barnes'
 
 sale, under another agreement that the proceeds should be subject in their hands to the claim which the plaintiff or his trustee,
 
 Cotton,
 
 had to the specific effects ;' and that they yielded the sum of $1163 62.' This sum belongs to the plaintiff upon the principles assumed by the court; if in point of fact the demand against
 
 Barnes,
 
 arising out of the debts paid for him, shall amount to as much, after deducting what may be in the hands of
 
 Cotton,
 
 or the plaintiff, (if there be any thing) arising from
 
 Bell
 
 and
 
 Joyner's
 
 sales, applicable to the satisfaction of the debts which
 
 Barnes
 
 or his assignees have paid. The bill indeed charges 'very large demands of the plaintiff on
 
 Barnes,
 
 after all those allowances; and the answer admits that a balance is due, on the whole, from
 
 Barnes,
 
 but does not confess a particular sum. This makes it necessary to have an inquiry; if the parties cannot themselves agree, after this declaration of the principie by the court.
 

 Per Curiam. — ■Decree according r.v